IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD STELLMACHER,

    Plaintiffs,                  No. CIV 10-1357 JAM KJM

  vs.

ROBERTO GUERRERO, et al.,       ORDER AND

    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff's motion for default judgment was submitted on the papers. Upon review of the documents in support, no opposition having been filed, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Defendant Regalia Mortgage Company Mexico S.A. De C.V. was purportedly served with summons on November 28, 2008 by delivery to Luis Guerrero, designated on the proof of service of summons as an "employee, person in charge." <u>See</u> Docket no. 18. The complaint alleges this defendant is a foreign business entity with offices in Mexico. Complaint ¶ 7. There is no evidence in the court file that Luis Guerrero is an authorized agent for service of process for this foreign entity. There is also no evidence that service has been properly effected under Federal Rule of Civil Procedure 4(f) and 4(h)(2). The entry of default against this defendant (Docket no. 28) will therefore be vacated.

1

The complaint in this matter was served upon defendant Roberto Guerrero by personal service on October 21, 2008, upon defendant Regalia Mortgage Company, Inc. by service on its authorized agent on October 21, 2008 (see Day Decl., Ex. B), upon defendant Manuel Vizcarra by personal service on November 24, 2008, and upon defendant Luis Guerrero by personal service on November 28, 2008. Compare Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendants have not filed an answer.[1] The clerk of the court entered defaults against defendants Roberto Guerrero and Regalia Mortgage Company, Inc. on November 18, 2008 and against defendants Manuel Vizcarra and Luis Guerrero on December 22, 2008. Notice of the entry of defaults as well as plaintiff's present motion for entry of default judgment, and all documents on which the motion relies, were served on defendants at their last known addresses. Defendants have not filed any opposition to the motion for entry of default judgment.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the complaint. The complaint and the affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief in the form and amount of damages and the nature of equitable relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir. 1974). Compare

---

[1] On November 6, 2008, defendant Roberto Guerrero requested an extension of time to file an answer. That request was denied without prejudice by order filed November 10, 2008. (Docket no. 8.) After defaults had been entered against all defendants in this action, an unsigned letter purportedly from defendants was sent to the court on June 21, 2010 addressing the merits of the case. (Docket no. 54.) No motion to set aside the previously entered defaults has been made and no attorney purporting to represent the corporate defendants has made an appearance. The court does not construe the June 21, 2010 letter as an answer.

1  Mot. at 17:17-18:1[2] with Compl. at 12:19-14:10.  There are no policy considerations that
2  preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d
3  1470, 1471-72 (9th Cir. 1986) (listing seven factors to be considered in determining entry of
4  default judgment).
5         In the motion for default judgment, plaintiff requests money damages in the
6  amount of $467,610,138.00.  The amount sought is supported by the affidavits submitted in
7  support of the motion for default judgment and is properly calculated based on $527,000.00 for
8  damages for money obtained by fraud, $150,000,000.00 for loss of profits, $343,046.00 for
9  engineering services provided by Stantec Consulting Inc., and $5,000,000.00 for loss of personal
10 assets due to bankruptcy and foreclosure, multiplied by three for triple damages as provided
11 under 18 U.S.C. § 1964 and California Penal Code § 496(c).  Plaintiff also requests prejudgment
12 interest, calculated under California law.  Such calculation is proper in that plaintiff has alleged
13 state law claims upon which judgment may be entered.  See Oak Harbor Freight Lines, Inc. v.
14 Sears Roebuck & Co., 513 F.3d 949, 961 (9th Cir. 2007).  Prejudgment interest should therefore
15 be awarded in the amount of $132,213.96.
16        Plaintiff also requests that attorney's fees be awarded and that an enhanced
17 multiplier be applied given the contingent nature of this matter.   Such an enhancement is not
18 allowed under the civil RICO attorney's fees provision. See City of Burlington v. Dague, 505
19 U.S. 557 (1992); see also Davis v. Mutual Life Ins. Co. of New York, 6 F. 3d 367 (6th Cir.
20 1993).  Plaintiff also has set forth time on the billing sheets for travel to and appearance at the
21 hearing on the motion for default judgment.  See Day Decl., Ex. L at 4, 5.  Because the motion
22 for default judgment was submitted on the papers and no appearance was required, the amount of
23 compensation requested should be reduced by $6,350.00.  The court finds the hourly rate

---

[2] The brief cited is the original memorandum in support of the original motion for entry of default judgment filed by plaintiff.  See Docket No. 38. The instant motion relies on the original filing, with supplementation.

requested and the amount of time billed reasonable and will therefore recommend attorney's fees and costs be awarded in the amount of $117,970.00.

Plaintiff has also requested that a constructive trust be imposed with respect to the sum of $527,750.00 paid to defendant Roberto Guerrero as advances toward the loan fee. Plaintiff has demonstrated this sum was paid into the bank account of defendant Roberto Guerrero and as such, said sum having been wrongfully obtained, this defendant should be declared a constructive trustee for the benefit of plaintiff.  See United States v. Pegg, 782 F.2d 1498, 1500 (9th Cir. 1986).

Accordingly, IT IS HEREBY ORDERED that the entry of default against defendant Regalia Mortgage Company Mexico S.A. De C.V. (Docket no. 28) is vacated; and

IT IS HEREBY RECOMMENDED that plaintiff's motion for entry of default judgment be GRANTED, and that judgment be entered against defendants Roberto Guerrero, Luis Guerrero, Manuel Vizcarra and Regalia Mortgage Company, Inc., jointly and severally, for monetary damages in the amount of $467,610,138.00, plus pre-judgment interest of $132,213.96, plus attorney's fees and costs in the amount of $117,970.00, for a total of $ **467,860,321.96**, with interest continuing thereupon from entry of judgment as allowed by law until paid.

IT IS FURTHER RECOMMENDED that it be ordered and declared that defendant Roberto Guerrero is the constructive trustee for plaintiff Richard Stellmacher with respect to the sum of $527,750.00 paid by Richard Stellmacher to defendants, and that this court reserve jurisdiction to impose a constructive trust upon such property or property rights as may have been acquired and/or preserved by the defendant by the use of said funds.

These findings and recommendations are submitted to the United States District Judge assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 20, 2010.

_____
U.S. MAGISTRATE JUDGE

006/stellmacher.def