UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STELLMACHER, ) | Case No. 10-CV-01357 JAM-KLM |
| Plaintiff, ) | |
| v. ) | ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT AGAINST MANUEL VIZCARRA |
| ROBERTO M. GUERRERO, et al., ) | |
| Defendants. ) | |

This matter comes before the Court on Defendant Manuel Vizcarra's ("Vizcarra") Motion To Set Aside Default And Default Judgment (Doc. 59). On August 20, 2010, a default judgment was entered against Vizcarra for over five hundred million dollars (Doc. 56). Plaintiff Richard Stellmacher ("Plaintiff") opposes the motion (Doc. 61).

I.  LEGAL STANDARD

Default is properly set aside where a party acts within a reasonable amount of time *and* establishes a valid basis for relief.  S.E.C. v. Internet Solutions for Business Inc., 509

1

F.3d 1161, 1164-65 (9th Cir. 2007).  Under Federal Rule of Civil Procedure 55(c), the Court may set aside entry of default by the Clerk of the Court for "good cause" shown.  The Ninth Circuit has identified three relevant factors for determining "good cause": (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside default would prejudice the plaintiff.  TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)).  These three factors are the same as those used to address a Rule 60(b) motion to set aside a final default judgment.  Id.  However, the factors should be applied more liberally when addressing a Rule 55(c) motion to set aside entry of default.  Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986) ("Rule 60(b) grounds are liberally interpreted when used on a motion for relief from an entry of default.").  Furthermore, the Court has broad discretion in resolving a Rule 55(c) motion to set aside an entry of default so that cases can be decided on the merits.  Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945-46 (9th Cir. 1986) (stating that, "doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits.") (internal citation omitted).

II.  ANALYSIS

   The Court finds that the default and default judgment should be set aside.  The magistrate judge's order (Doc. 55), which was affirmed by this Court (Doc. #56), was not based on

1  the merits, but rather on Vizcarra's failure to properly answer
2  Plaintiff's complaint.  The Court finds that Vizcarra received
3  notice of the suit, but because he was pro se and because
4  Plaintiff initially filed the case in the wrong division of this
5  court and simultaneously filed for bankruptcy, Vizcarra did not
6  fully understand the status of the instant case.  Vizcarra
7  showed a good faith effort to oppose Plaintiff's suit by writing
8  a letter to the Court contesting the complaint (Doc. 54) and
9  attempting to attend two hearings, both of which were
10 subsequently cancelled.  Thus, the Court finds that Vizcarra's
11 failure to respond was not intentional and he has offered a
12 credible, good faith explanation for his actions.  Additionally,
13 Plaintiff will not be prejudiced by vacating the default and
14 Vizcarra appears to have a sufficiently meritorious defense.
15 Accordingly, the default and default judgment are vacated and
16 this case will proceed so that it may be decided on its merits.

### III. ORDER

For the reasons set forth above,

Vizcarra's Motion to Set Aside Default And Default Judgment is GRANTED. Vizcarra is ordered to file his responsive pleading to Plaintiff's complaint within twenty (20) days of the date of this Order.

IT IS SO ORDERED.

Dated: January 6, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE