1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD STELLMACHER,                    No.  2:10-cv-01357-JAM-CKD

12              Plaintiff,

13        v.                                 <u>ORDER</u>

14   ROBERTO M. GUERRERO et al.,             (ECF No. 91)

15              Defendants.

16

17          Presently before the court is plaintiff's motion to compel defendant Roberto M. Guerrero

18   to respond to post-judgment interrogatories.  (ECF No. 91.)  A hearing was held in this matter and

19   plaintiff appeared through counsel Montie S. Day; there was no appearance by any defendant.

20   (ECF No. 97.)  For the reasons below, the court GRANTS plaintiff's motion to compel defendant

21   Roberto Guerrero to answer fully, without objections, plaintiff's post-judgment interrogatories

22   served on October 15, 2019.

23          Plaintiff generally alleges that he was defrauded by defendants in connection with

24   plaintiff's contract to construct a residential complex.  (<u>See generally</u> ECF No. 1.)  While

25   defendant Roberto Guerrero requested an extension of time to file an answer (ECF No. 7), he

26   never responded to plaintiff's complaint.  Plaintiff was ultimately awarded $ 924,024,135.87 in a

27   default judgment.  (ECF No. 83.)  Plaintiff now seeks to compel defendant Roberto Guerrero to

28   respond to post-judgment interrogatories.  (ECF No. 91.)

                                              1

Rule 69 governs the execution of judgments. It provides, in part:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1)

Additionally, "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules *or by the procedure of the state where the court is located*." Fed. R. Civ. P. 69(a)(2) (emphasis added).

Pursuant to California law a party's refusal to answer interrogatories waives all objections. The relevant section states:

> If a party to whom interrogatories are directed fails to serve a timely response, the following rules apply:
> (a) *The party to whom the interrogatories are directed waives any right to exercise the option to produce writings under Section 2030.230, as well as any objection to the interrogatories*, including one based on privilege or on the protection for work product under Chapter 4 (commencing with Section 2018.010). The court, on motion, may relieve that party from this waiver on its determination that both of the following conditions are satisfied:
> > (1) The party has subsequently served a response that is in substantial compliance with Sections 2030.210, 2030.220, 2030.230, and 2030.240.
> > (2) *The party's failure to serve a timely response was the result of mistake, inadvertence, or excusable neglect.*
> (b) The party propounding the interrogatories may move for an order compelling response to the interrogatories.
> (c) *The court shall impose a monetary sanction under Chapter 7 (commencing with Section 2023.010) against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel a response to interrogatories, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.*

Cal. Civ. Proc. Code § 2030.290. Thus, the California scheme waives a party's right to object unless their failure to timely respond was the result of "mistake, inadvertence, or

2

excusable neglect." Id.  Additionally, the section *mandates* monetary sanctions unless the opposing party "acted with substantial justification" or other circumstances make the imposition of sanctions unjust.  Id.

In the present case, defendant Roberto Guerrero has utterly failed to respond to any discovery, or this case generally (beyond filing a motion to extend his answer deadline) (ECF No. 7.)  Thus, he has waived any right to object, and is therefore compelled to respond to plaintiff's post-judgment interrogatories.  See Cal. Civ. Proc. Code § 2030.290.  Accordingly, plaintiff's motion to compel is GRANTED.

Additionally, attorneys' fees are appropriate in this case due to defendant's lack of any response, mentioned above, without "substantial justification."  Cal. Civ. Proc. Code §§ 2030.290, 2023.030.  Plaintiff's request of $3,250.00 is a reasonable sanction for defendant's utter failure to respond in this case.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's motion to compel is GRANTED.  Defendant Roberto Guerrero has twenty days from the date of this order to respond to plaintiff's interrogatories filed October 15, 2019.

2.      Plaintiff is awarded $3,250.00 in attorneys' fees to be paid by defendant Roberto Guerrero.

Dated:  February 7, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.1387stell